Tony appearing for Mr. Mehmood via zoom from Smoky Woodland, California. The one thing I want to emphasize is that the government seems to be indicating possible faking of this mental illness and I know this person's been very difficult for the courts but that may be a sign of mental illness. Also there are one-page loss summaries that the government has provided that I believe are inadequate under a case called, I'm hoping I pronounce it right, Wachini 543 Fed 3rd. It's in my points and authorities and it's interesting that the government wants to argue that Mr. Mehmood's one-page summaries about his problems are inadequate when they're relying on it. There's actually one individual who's seeking restitution whose name is that of a former president and lives in Mississippi. Everything else is generally lending institutions and credit card companies. Also I'm sorry I didn't understand that point at all. Okay. They're relying on one-page summaries and they're complaining about them. I don't know what you're saying. All right. I believe that the one-page summaries in this case are inadequate under the cases we indicate to give a definite amount of restitution to the accused, in this case Mehmood, and that's one of the factors that the courts have. Is that, what page is that? Is that the restitution memorandum or the summary of lost figures or what? There's a summary of loss and in the excerpts of record you'll find a series of questions by the, I believe, postal inspector and basically what comes back is how much did you lose and there'll be one page we lost $147. That's it on a lot of these which is inadequate. Another point that is in a case called Toplina, which is unpublished but still a Ninth Circuit case, is once the case has been continued. Let me tell you that the Ninth Circuit unpublished opinions are not precedent and I don't care what they say. All right. But nonetheless, I think it's important to understand that this case was continued without government objection a couple of times. They didn't object at that time and this one where we actually had a paper from the doctor attending Mr. Mehmood when he was in ICE custody indicates a severe situation with mental illness. Clearly... sufficiency of evidence and restitution and it's very hard to follow. Can you take one point, please, and talk about it? Okay. With respect to competency, I believe that the courts, and we've cited cases out of the Ninth Circuit, that point out that the fact that he was found competent some time ago is something that can be considered. But obviously, mental stability is something that can be changed. And these cases indicate that there was a changed circumstance. One of the things that may well have caused him this difficulty is he's in ICE custody, he's fighting to stay in this country, and that's a stressor that actually could well have caused these problems. I mean, this is just common sense. All right. So we have in the record five forms called notice of hospitalization. I gather that the district court and the government didn't think that these demonstrated that he was actually hospitalized. They're not... well, at least some of them are not in the official report. They're just his document, his statement that he was hospitalized. There is one dated 6-4-18, which says registration, admission, Larkin Community Hospital, major depressive disorder without psychosis. Then there's another notice of hospitalization, and there's another 8-1-18 major episode, major depressive episode recurred with psychotic. But we don't... there's no actual document showing from any doctor saying that he was... he had... he was hospitalized for some period of time and actually had a mental illness. Is that right? I filed what I had, which did indicate he was in the hospital diagnosed with the items that you've just relayed, which I felt was sufficient to raise need for a continuance. We're not asking it to be... But we don't know how long he was hospitalized. Could have been two hours, could have been two days, could have been easy. That's true. I agree. So, in summary, I believe that there are two main points. One is that there was an indication of a mental illness, which at least should have been investigated by the court, if nothing else. And if they had a problem with that, they could have requested additional information from me. I ask another question. You were not representing Mr. Mahmood at the time he was in the district court on the competency question, were you? Yeah, I believe I was at that point. It went back and forth so many times, but I believe that... You were representing him. So I don't understand why you couldn't just go to a doctor and get a declaration, but you didn't. Okay. And that may have been my fault, but at this point, when I saw that there was an indication on a hospital document of what his condition was, I felt that was sufficient, at least, to ask for a postponement to investigate it. And that was summarily denied. It was summarily denied. The only district court opinion just says denied. Was there a hearing on it? No. The court just... And was there even a... I don't mean a hearing on the... A full hearing on the competency, but a hearing about whether to order the competency hearing. No. Judge Mendez just, at that point, summarily ordered the restitution. I have a question, Mr. Toney. What relief are you requesting here, exactly? Do you want a mental competency exam or you want a new hearing on restitution or something else? Well, I'd like a attempt to go back to court to seek a competency examination. Yes, that was my idea, to continue it and then file. But then, all of a sudden, we got this order, summarily ordering the restitution and denying the continuance. Did counsel... I guess you were counsel at the time of the restitution. Did you object to having it done without a hearing in the court? Yes, that's when we filed. What I did was I filed a notice of appeal because it was an order of the court. I didn't ask for a re-hearing. You took an appeal before restitution was decided? Is that what you're saying? Restitution. The government had a restitution figure, but at that point, it had not been totally vetted. It hadn't been argued about. It appeared to me that it was inadequate. That's why we had asked for and received two continuances. The district court did not... He said at one point, I might decide this without an argument, but he didn't say before he decided it that there wasn't going to be an argument. Is that right? What happened was the district court, when I asked for a continuance because of this, just ordered the restitution. He never said... You did have a chance to brief it, but he never said, if you ask for another continuance, that's it. I'm not going to have a hearing. He never told you he wasn't going to have a hearing. He just announced the restitution. Right. I felt that once he said that this matter was completed, that he was ordering the restitution, that was it. When did you ask for the competency hearing relative to when he decided the restitution? I'd have to look that up, but it was probably a couple of weeks before the order came down from the court. You never got a ruling on that until you got the restitution hearing. That's right. It was essentially a summary denial by saying, no, we're just ordering the restitution. The continuance was... What happened was the continuance was denied. At that point, the district court had these documents showing that he was admitted to the hospital with major depressive episode recurrent with psychotic. Yes. That was filed. That was in August 1st, 18. When was the restitution order? I'd have to look that up. I know, but you're here to argue and you're supposed to know what's in the record. I understand, but that's an item that... I got it. All right. I will look that up. All right. You have one minute and 30... No, actually you're over your time. We'll give you one minute of rebuttal. Thank you. All right. I'll submit. Okay. Yes, sir. Mr. Spivak. Good morning, your honors, and may it please the court, Jeff Spivak for the United States. I'll start with the appellate waiver and then get to the merits of the court's order. If there was in fact a problem with not having any hearing on the competency, would the appellate waiver apply to it? We believe it would, your honor. There's a series of cases this court has found that question is not here whether the district court could have proceeded against an incompetent defendant. The question is whether the defendant waived his right to challenge a denial of a subsequent competency hearing. The government believes that that waiver was knowing and voluntarily entered and would cover the subsequent request for competency hearing and the district court's denial of that request. But there is case law that if the sentencing was unconstitutional, well, at least if the sentence was unconstitutional, then there's some case law that seems to say, I believe that if there was a constitutional defect in the sentencing process, it seems incredibly harsh that you could have a waiver applicable to discovering whether you had an incompetent, whether you had a constitutional violation and not determining whether the defendant was incompetent. Is there any case saying that that's covered by a waiver? I don't have a case directly on point, but I do have a series of cases where the court has allowed waivers of other very serious constitutional rights, waivers of personal jurisdiction, waivers of denials of request to withdraw pleas, waivers of rights to receive impeachment information under Brady. Certainly if the government would not have proceeded against the incompetent defendant, nor would the district court have. One comment on that is that the district court did ask for briefing by the government after defense filed their motion for competency hearing in September of 2019. And the government opposed and cited to a series of facts, including that, you know, the psychologist had previously found defendants. That was five years before. And what really bothers me here is we have a piece of paper that says he was admitted to the hospital for a psychosis, essentially. We don't know more about it, but that's why you have a hearing. We have, Your Honor, not just one piece of paper, but about six different pieces of papers filed by the defendant. I know, but the ones that he had wrote, obviously, aren't worth anything. But this was a document from a hospital. It was a voluntary admission form, and the defendant had filed a series of voluntary admission forms, discharge papers before. And the court was within its discretion to find that the defendant had failed to establish a genuine issue as the competency based on that limited evidence. Because they weren't true? Because it was voluntary, but it was a diagnosis. There is a, it's not a diagnosis, it's what the defendant, and is the court referring, which specific? I'm referring to the eight, let's see, there are two of them. There are actually two that say this. There's one from 72619, major depressive disorder with psychotic features, Larkin Community Hospital. And then, there was an earlier one, 8118, major depressive disorder recurrent with psychotic. Both from Larkin Community Hospital. So, those are registration admission forms where there's a chief complaint or admitting diagnosis of major depressive episode recurrent with psychotic, whatever that means. And so, the defendant failed to establish that this is a medical diagnosis and not simply more of the same, more complaining about psychological conditions that may not be true. So, based on this limited information, the court did not abuse its discretion in requiring a hearing. I'll talk a bit about the reasonably accurate estimate of restitution provided as part of the plea. And the government believes that the two parts of the plea are the same. Are you aware of a case which held that it was permissible to deny a hearing on competency where there were hospital admissions for psychosis? I am aware. We have a doctor's file. Find the doctor and ask him what was going on. Is there any case in which there was an actual hospital admission and that was not sufficient to trigger a hearing? I am not sure the specific answer to that question, but I do know in a case cited to you by the defendant, Clark, that cites to a Ninth Circuit case, Ives, I-V-E-S, and there are three decisions. And Ives 3 does state that even medical professional opinion may not be sufficient to raise a genuine issue as the competency. It also says bizarre behavior by a defendant, argument by defense counsel about mental incompetency may not be sufficient to establish a genuine issue of competency. And, of course, this was the defendant's second competency hearing. The court notes it was five years later. But the government believes that the court did not abuse its discretion in making the decision it did. Was the defendant in Ives' custody when he voluntarily went to the hospital? Yes, Your Honor. And to do that, does the defendant have to clear some hurdles or some requirements to seek hospital treatment or can the person in Ives' custody just say, I need to go see someone in the hospital? I don't know the answer. I have a question. Did the defense counsel ever file any kind of a statement from any of these hospitals showing any diagnosis that he was psychotic or anything of that nature? No, Your Honor. We just have the documents when he entered or voluntarily entered. Is that all we have? That's correct, Your Honor. So the notion is that he walked in and said, my complaint is I have major depressive disorder with psychotic features, and that's what they wrote down. I mean, it seems unlikely. I mean, he writes that he had, you know, panic attacks and so on, but he would be very unlikely to walk in and say, I have major depressive disorder with psychotic features. Right. I don't know how this... Like a diagnosis and not a lay person's description. I mean, I understand that there's no further verification, but that's why we have hearings. I'm just bothered. I understand this is a very difficult person, and I understand he's made things up and so on, but where there's an actual document affirming the hospitalization for psychiatric reasons, I find it difficult to say that there was no need to have a hearing. The only comment, yeah, the only comment I have is the district court was close to this case. The district court was informed by the psych opinion. Well, he was, I mean, he was exasperated. I understand that, and for good reason, but obviously, there's a connection between being psychotic and exasperating people. No, it's not obviously disconnected. Anyway, do you want to make any comments on the restitution question? Simply that we do believe that the plea agreement established a reasonably accurate estimate of the admittedly should have been more clear on that point, and if the court would look to the surrounding circumstances of the waiver and include discovery, the postal inspector's loss report, it was just a single page report, no calculation required, indicated that actual loss was estimated to be $70,000, and so altogether, we think the defendant did have a reasonably accurate estimate of the plea at the time he entered into it. On the insufficiency or inadequacy of the one-page loss statements, the loss statements were also part of a postal inspector report, which explained the process that these were victim notifications sent to people whose credit card and other information was found on the defendant's computer during a search warrant. The postal inspector's letter to the victims limited the restitution request for 10 months of unauthorized transactions, and so these one-loss summaries need to be read in context with the limiting letter and the specific guidance offered by the postal inspector, and all told, the district court did based on those lost summaries. He was in ICE custody all this time, right? Yes, he was, Your Honor. So, in terms of voluntary admission, can he just walk up and say, I went to the hospital? Doesn't somebody have to agree that he has some symptoms and should go to the hospital? I don't know the answer to that, unfortunately, Your Honor. I assume as an entity... It's not voluntary in the usual sense. If I want to go to the emergency room, I just go to the emergency room, but if you're in custody, someone has to take you to the emergency room and agree that you should be there, no? I don't know the answer. I can just speak to local practice in our courthouse, Your Honor, that the marshal service, and sometimes we house folks at local jails, they take medical concerns quite seriously, given the liability concerns, and I think they err on the side of safety and probably seek... Well, that's certainly true, but it's not voluntary in the sense of he walked in the door and he felt like it. I mean, even what you're accounting for is likely. There has to be some judgment made that this is, Mary's taking him to the hospital. Even if we err on the side of caution, not just because he says so. Yeah, Your Honor, and I think these questions go to what the defendant... This was the defendant's job here, to put this before the court, answer these questions, and make a record that there was a risk, there was a concern about competency. And the district court was looking at the case, who has the documents in front of him, made the decision that it didn't raise a genuine interest in his mind. And based on the record, the psych report, the defendant's behavior, his history of dishonesty is found by the psychologist and other factors we don't think there was an error. Okay, thank you. And one last question. What this all has to do with... We're only talking about the restitution, but if he were not competent, I understand you think there was a waiver. But if there wasn't a waiver, then could the judge have done what he did if he in fact wasn't competent? In other words, if the judge thought he wasn't competent, could he nonetheless have gone ahead and decided the case on the papers, that hearing? I think it may have been... I don't know the answer. I think it may have been an illegal sentence because the court has genuine doubt and then issues an order saying that he has no genuine... It turns out he went forward without the hearing. So, it's the point is that he has to be competent to be in court and have a hearing, but there was no hearing. And how do you judge the validity of the hearing? I don't believe a hearing is required on these facts, Your Honor. I mean, as to the restitution, I mean. I'm sorry. I think I misunderstood the question. What I mean is this. Let's assume he was really not competent. On the other hand, the judge went ahead on the restitution without ever having a hearing. The point of the competency question is his ability to assist his attorney with regard to the restitution question. I suppose maybe he couldn't... It would be a question of whether he could assist him on the briefing and so on. But certainly, if there's no hearing in court, it doesn't make a difference whether he's competent or not. There's no hearing. Okay. So, I'm just wondering how the procedure that was followed here interacts with the competency question. Our position is that the waiver covered the defendant's ability to challenge the denial of his request. I'd like to just answer one question. I found the answer to, if I may. Yes, go ahead. You have one minute. That's all I need. September 4, 2019 was when I filed the request. September 19, 2019 was when the court denied it. Obviously, our position is that we'd need a hearing to vent all of the things that counsel say we should have put in the request, but that's what the hearing would have been. Thank you. Thank you very much. The case of United States v. Mahmood is submitted, and we will go to the last case to be argued on the day and of the week, Moser v. Las Vegas Metropolitan Police.
judges: Siler, Berzon, Lee